UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KURT HARDWICK,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendant. | No. 2:16-cv-0854 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff claims defendants Dr. Leo and Dr. Newman were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges defendants prescribed Sulindac without a companion prescription for Prilosec, which caused him to suffer from gastritis.

Presently before the court is defendants' fully briefed motion to dismiss. Defendants argue the complaint does not allege facts showing defendants failed to diagnose or treat an obvious injury, or that prescribing Sulindac without also prescribing Prilosec was medically unacceptable, and they are entitled to qualified immunity. (ECF No. 21.) For the reasons set forth below, the undersigned will recommend defendants' motion to dismiss be granted and plaintiff be given leave to file an amended complaint.

1

# BACKGROUND

## I. Allegations in the Complaint

Plaintiff is a state prisoner currently housed in the Male Community Reentry Program Butte, in Oroville California. (ECF No. 24.) While housed at Deuel Vocational Institution ("DVI") plaintiff was prescribed Sulindac, a powerful nonsteroidal anti-inflammatory ("NSAID") medication, by defendant doctors Leo and Newman. (ECF No. 1 at 1, 3.) Plaintiff claims that defendants' failure to prescribe Prilosec along with Sulindac caused plaintiff to develop NSAID induced gastritis. (ECF No. 1 at 3.) Plaintiff states this violated his right to adequate medical care. (Id.)

## II. Procedural Background

Plaintiff initiated this action by filing a complaint on April 25, 2016. (ECF No. 1.) The court screened the complaint and found that for the limited purposes of §1915A screening, plaintiff stated cognizable claims against defendants Leo and Newman. (ECF No. 11 at 3.) Defendants Leo and Newman responded to the complaint by filing the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.)

# STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**ANALYSIS**

**I.     Legal Standards Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment" prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations and citations omitted). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). First, a "plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin, 974 F.2d at 1059). Second, a plaintiff must show the defendant's response to the need was deliberately indifferent. Id. This can be established by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.

Inadvertent failure to provide adequate care or negligence in diagnosing or treating a medical condition is not sufficient to sustain an Eighth Amendment claim. Estelle, 429 U.S. at 105. A difference of medical opinion does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981)). A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106.

## II. Discussion

In the complaint, plaintiff claims defendants violated his right to adequate medical care by giving him Sulindac without a simultaneous prescription for Prilosec which caused him to develop NSAID induced gastritis. Plaintiff does not allege in his complaint or his opposition to the motion to dismiss that defendants Leo and Newman were aware of his reaction to Sulindac and denied or delayed treatment. Thus, he has not shown a purposeful act or failure to respond to his medical needs. See McGuckin v. Smith, 974 F.2d at 1059-60 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

Plaintiff claims in his opposition Dr. Leo prescribed Sulindac even though plaintiff informed him his pain had been adequately managed by Tramadol. (ECF No. 22 at 3.) Plaintiff further claims he was prescribed Prilosec and diagnosed with NSAID induced gastritis by Dr. Conannan after his transfer to Pleasant Valley State Prison. (Id. at 5.) However, plaintiff's preference for Tramadol, his development of gastritis, and Dr. Conannan's decision to discontinue Sulindac and prescribe Prilosec do not amount to deliberate indifference. A difference of opinion between an inmate and prison medical personnel, or between medical professionals, regarding appropriate diagnosis and treatment does not establish a deliberate

indifference claim. Sanchez, 891 F.2d at 242; Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). To establish a difference of opinion rising to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff further argues in his opposition that defendants acted recklessly in prescribing Sulindac without also prescribing Prilosec. However, allegations of improper medical treatment do not amount to deliberate indifference. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

Plaintiff's allegations fail to show that defendants denied or delayed treatment or that prescribing Sulindac without simultaneously giving him Prilosec was medically unacceptable. See McGuckin, 974 F.2d at 1059 (Deliberate indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment or it may be shown by the way in which prison physicians provide medical care."). Because the facts contained in the complaint do not show that defendants were deliberately indifferent, the court will recommend defendants' motion to dismiss be granted.

### III. Qualified Immunity

Defendants argue the court should grant their motion to dismiss because they are entitled to qualified immunity. However, because the court has recommended that plaintiff's claim be dismissed, the court need not analyze defendants' arguments regarding qualified immunity with respect to a claim which the court has found that plaintiff failed to allege a constitutional violation. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); see also Saucier v. Katz, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

////

**IV. Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Accordingly, plaintiff should be given the opportunity to amend the complaint.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 21) be granted. However, the court further recommends that plaintiff be given the opportunity to amend the complaint to cure the defects.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/orders/prisoner-civil rights/Rank1164.mtd